**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 96-30004-02-GPM |
| DONALD LANGRAM, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On September 20, 1996, Donald Langram was sentenced to a term of 262 months imprisonment by District Judge Paul E. Riley, Sr.; that sentence was reduced to 174 months by Judge Riley on February 13, 1997 (*see* Docs. 113, 132). On May 29, 2008, Langram filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582 (Doc. 177). The Court appointed counsel to represent Langram on this issue, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 180). *See Anders v. California*, 386 U.S. 738, 744 (1967). Langram has not been given an opportunity to respond to counsel's motion to withdraw because he has been released from prison, which is Langram's last known address.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that

any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Langram is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Langram, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Additionally, the Bureau of Prisons website, [www.bop.gov,](www.bop.gov,) reflects that Langram was released from custody on August 26, 2008. Because Langram has already served his original prison sentence, he is not entitled to a sentence reduction. *See Forman*, 553 F.3d at 589.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 180) and **DISMISSES** the motion for a sentence reduction (Doc. 177) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 08/10/09

                                                                s/ *G. Patrick Murphy*
                                                                G. PATRICK MURPHY
                                                                United States District Judge